SMITH *v.* TOWN, Receiver of Taxes.

*(Supreme Court, General Term, Third Department.* September 14, 1892.)

1. TAXATION—SALE UNDER ILLEGAL ASSESSMENT—QUIETING TITLE.
   The Saratoga Springs village charter provides, when property is sold for taxes, the receiver shall give the purchaser a certificate of sale, and two years afterwards a deed, which shall be presumptive evidence that the sale, and all proceedings prior thereto, were regular, and which shall entitle the purchaser to possession of the premises. No specific record of the proceedings is required to be kept. *Held,* that sale under an illegal assessment is a cloud on the owner's title, and he may sue in equity to set aside the assessment and sale.

2. SAME—CONSOLIDATION OF JUDGMENTS.
   Judgments against the receiver of taxes of a town and village against the town and against the village, to set aside certain assessments and sales made thereunder, or about to be made, are properly consolidated.

Appeal from special term, Saratoga county.

Action by Mary J. Smith against Byron J. Town, receiver of taxes and assessments of the town and village of Saratoga Springs, the village of Saratoga Springs, and the town of Saratoga Springs, to set aside assessments on certain real estate and sales of the same for unpaid taxes. From a judgment of a special term overruling demurrers to the complaint, and from an order of a special term consolidating three judgments, defendants appeal. Affirmed.

The complaint, in this action, contained three separate causes of action,—the first and second to set aside a sale for town and village taxes, and village water rents, in each of the years 1888 and 1889, and to restrain a conveyance; and the third to restrain a sale for town taxes and village water rents in the year 1890. The defendants appeared, and demurred separately to the complaint, Byron J. Town and the village to the entire complaint, as not stating facts sufficient to constitute a cause of action, and the town of Saratoga Springs to the last cause of action on the same ground. All of the demurrers were overruled, and judgments entered in each cause of action. Defendants moved that the three judgments be set aside, and a single judgment entered against them. The court granted the motion, and consolidated the judgments.

The opinion of Mr. Justice POTTER at special term is as follows:

"The action is brought to set aside assessments made upon the real estate of the plaintiff, situated in said village and town, in behalf of said village and town, and the sales of said real estate by the defendant Town, receiver of taxes for the village, etc., as a mode of collecting said taxes. The charter of said village provides that the said village and town may purchase at such sale, and that the receiver shall give a certificate of such sale to the purchaser, and that, at the expiration of two years from said sale, the receiver shall give the purchaser a deed of the premises sold, and that such deed or conveyance shall be presumptive evidence that the sale, and all the proceedings prior thereto, from and including the assessment of the lands, were regular. The plaintiff alleges that the assessments upon the real estate were illegal, for the reason that she was the owner thereof and residing at Saratoga Springs, at the time of said assessments, and that the assessments were not made against her or in her name, nor against the name of any other person who was the occupant of said real estate. The plaintiff alleges that such sale, certificate, and conveyance when given will cast a cloud upon her title, and that the purchasers at said sale, if they have not received a conveyance, are entitled to receive a conveyance, and that the charter makes such conveyance presumptive evidence of the regularity, etc. The question is whether this action is maintainable upon the principles of the decided cases, and without the aid of the last part of section 8, c. 68, Laws 1880, which has been repealed by chapter 290, Laws 1890, and upon which the cases of *Coxe* v. *Town,* (Sup.) 10 N. Y. Supp. 73, and *Temple Grove*

*Seminary* v. *Cramer*, 10 Abb. N. C. 426, seem to have been decided. The principle upon which actions of this kind are maintained is 'that, when the claim appears to be valid upon the face of the record, and the defect can only be made to appear by extrinsic evidence, it presents a case for invoking the aid of the court of equity to remove the cloud from the title.' 'But, where the instrument is made presumptive evidence that such proceedings were had, the action lies, if the instrument be in fact void, for a defect in the proceedings.' *Scott* v. *Onderdonk*, 14 N. Y. 9. 'When the claim of the adverse claimant to the land is valid upon the face of the instrument, or the proceedings sought to be set aside, and extrinsic facts are necessary to be proven to establish the illegality or invalidity, then a court of equity will interpose to remove the cloud.' *Allen* v. *City of Buffalo*, 39 N. Y. 386–393. Such an action is maintainable 'when it appears that the record or conveyance is not void upon its face, and that the claimant under it would not develop the defects, rendering it invalid by the proof which he would be obliged to produce in proceedings to enforce his claim.' *Guest* v. *City of Brooklyn*, 69 N. Y. 506. This kind of action is maintainable as well to prevent a cloud from being cast upon the title to the property as to remove one already upon the title. *Pettit* v. *Shepherd*, 5 Paige, 493; *Oakley* v. *Trustees*, 6 Paige 262; *Sanders* v. *Village of Yonkers*, 63 N. Y. 492; *Clark* v. *Davenport*, 95 N. Y. 477.

"The charter of the village of the defendant makes the conveyance presumptive evidence that the sale and all the proceedings were regular. It is made the duty of the defendant the receiver, to sell if the taxes are not paid, to give a certificate of the sale to the purchasers, and at the end of two years a conveyance to him. This deed entitles the purchaser to the possession of the premises sold, and to institute summary proceedings to obtain the possession. The production of the conveyance establishes the purchaser's title and his right to possession of the property. If the owner would maintain his title, he must overcome the presumption of the validity of the purchaser's title, not by showing that he bought and paid for the property and took a deed from the owner, and has occupied it ever since and for any number of years, but by showing that there was a fatal defect in the proceedings which lead to the tax title under which the purchaser claims. The complaint maintains that the certificate has been given to purchasers at the two sales which have already taken place, and an intent to sell for the nonpayment of the tax mentioned in the third count of the complaint, and that the defendants intend and threaten to complete such sales. The defendants refer to the case of *Sanders* v. *Village of Yonkers*, *supra*, and to *Clark* v. *Davenport*, 95 N. Y. 477, and to *Guest* v. *City of Brooklyn*, 69 N. Y. 506, in support of their contention. It will be observed that all those cases cite and approve the general principle upon which this class of actions have been maintained, as above cited. But the court in those cases assign special reasons why those cases do not fall within the general principle. In the case of *Sanders* v. *Village of Yonkers* those reasons were 'that the purchaser is not entitled to a lease until he has at least given sixty days' notice,' 'or that the trustees threaten or design to give one,' 'that there was no allegation that any certificate had been given,' 'or that there was any imminent danger that a lease would be given,' or that 'the interference of a court of equity was necessary to prevent a cloud upon the title.' The case of *Clark* v. *Davenport*, 95 N. Y. 477, cited by defendant, recognizes the rule that such actions may be sustained to remove or prevent a cloud upon the title, but holds in that case there was no occasion or necessity for such action, because there was no alleged determination upon the part of the defendant (the comptroller of the state) to create the cloud, and, moreover, because the comptroller, upon an application, could cancel the sale, and, upon his refusal to do so in a proper case, his refusal could be reviewed upon *certiorari*, or a *mandamus* issue to compel his compliance.

I do not think the provisions in section 4, c. 68, Laws 1880, in relation to the six-months notice of the sale and purchase, required to be given to a mortgagee, judgment creditor, or owner before the lien or title shall be divested, has any bearing upon the question involved in this action. That provision has relation to another condition of redemption. There is no time specified when such notice shall be given. It may as well be after as before the time when the conveyance is made. It is no part of the proceedings which are to take place before the conveyance is made, and it is the conveyance which gives the purchaser the title to the premises, the right to their possession, and raises the presumption that all the steps necessary to confer title have been taken. This statute is by far more dangerous than the statutes under which actions of this kind were sustained in *Hatch* v. *City of Buffalo*, 38 N. Y. 276; *Scott* v. *Onderdonk*, 14 N. Y. 9; *Allen* v. *City of Buffalo*, 39 N. Y. 386–390; *Crooke* v. *Andrews*, 40 N. Y. 547, 549, 550. Those statutes required a record to be kept of the proceedings to assess, etc., and made such presumptive evidence of the regularity, etc., of the proceedings to assess and sell, or of the facts stated therein. But the charter of the village does not require a specific record to be kept, and makes the conveyance presumptive evidence, etc.

"I am of the opinion that the complaint in this case sets forth a cloud upon the plaintiff's title to the premises, and that the plaintiff is entitled to the relief sought by this action. Indeed, I am not quite able to see why the defendants interpose any defense, in view of the concession made by the defendants that the assessment was illegal and void. Until the defendants abandon and cancel the sale, the plaintiff would not likely be able to find a purchaser of the premises at their fair value, for the plaintiff and her purchaser will be constantly and indefinitely menaced by the holder of a tax title under a conveyance presumed to be regular and valid. The defendants should not be permitted to hold a weapon which may at any minute be wielded to the injury of the plaintiff's rights, and there are many and weighty reasons why actions of this character should be brought, other than actions at law at some remote and indefinite period of time, to establish and determine the title to the premises. The demurrer should be overruled, with leave to the defendants to answer upon payment of costs (to be taxed) within 20 days after notice of the taxation."

Argued before MAYHAM, P. J., and PUTNAM and HERRICK, JJ.

*W. P. Butler*, for appellants. *Ira D. Roods*, (*J. W. Hill*, of counsel,) for respondent.

MAYHAM, P. J. We think the judgment overruling the demurrers in this case right, and that the reasons given by the learned trial judge in his opinion printed in the case are sound. We are also of the opinion that the order made by the special term, consolidating the several interlocutory judgments into one, was correct practice, under the circumstances of this case. That order was made on the application of the defendants, and was for their benefit, and seems to conform to the demand in their notice of motion. From that order the plaintiff has not appealed, and we do not think the defendants are in a position to ask for its reversal. The judgments entered upon the demurrers, and the order consolidating the interlocutory judgments into one, are affirmed, with costs, with leave to the defendants, within 20 days after the service of the order of affirmance, to answer the complaint on payment of costs. All concur.